IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P. W., by and through *Guardian Ad Litem* SHAWNA WALDEN,<br><br>　　　　Plaintiff,<br>　v.<br>DOREL HOME FURNISHINGS, INC., COSCO HOME AND OFFICE, and DOES 1 TO 50,<br><br>　　　　Defendants. | Case No.  1:21-cv-01204-DAD-SKO<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>(Doc. 24) |

**STIPULATED PROTECTIVE ORDER**

　　The parties agree that information eligible for protection under this Protective Order includes design, testing, quality assurance, and sales reports for the subject model hand truck alleged to be at issue in this case.

　　Design, Testing, and Quality Assurance Reports: Dorel Home Furnishings Inc. ("DHF") spent a significant amount of time and resources designing and testing the subject model hand truck and considers the design, testing, and quality assurance reports for the subject model hand truck to be confidential business information. The disclosure of these reports would harm DHF because it would allow its competitors to gain an advantage over DHF. If these reports are publically available, DHF's competitors can

obtain information that DHF spent time and money developing for free and undercut DHF's business strategy. Further, these reports contain the names and contact information of DHF's business contacts, such as the factories and testing facilities DHF uses to manufacture and test its products. DHF spent a significant amount of time building these relationships, and exposing such information to outside parties, including DHF's competitors, will put DHF at a disadvantage and undercut DHF's business strategy.

Sales Reports: Similarly, DHF considers its sales reports to be confidential, proprietary information. These reports disclose information about DHF's business and market share, and can be used by DHF's competitors to gain an unfair advantage or undercut DHF's business strategy.

Because of the sensitive nature of the documents, the parties respectfully request the Court to enter a Protective Order as opposed to having the parties reach a private agreement. Further, in the event that these confidential documents are shared with or reviewed by anyone unaffiliated with the Court, other than counsel of record and counsel's employees, the parties would like to ensure that the these documents are sufficiently protected. A Court-entered Protective Order can provide such protection and will have a stronger effect on the obligations of third parties than a private agreement between Plaintiff and DHF.

The Court being fully advised on the premises, **IT IS HEREBY ORDERED**:

1. This Protective Order shall govern all documents, information, and tangible materials which the parties shall designate as "confidential."
2. The parties may specifically designate as "confidential" any documents, information, or materials of a proprietary, private, financial, commercial information or competitively sensitive nature, or which otherwise implicate any recognized privacy interest, by placing in a conspicuous location a stamp bearing the legend "confidential" or the like.

3. Any party also may designate as confidential any portion of a deposition transcript that it deems to include confidential information either at the time the testimony is given or by written notice within 30 days of receipt of the transcript.

4. No documents, information, or materials designated as "confidential" by another party shall be furnished, shown, or otherwise disclosed to any person or other entity, except to "Qualified Persons" who shall be defined to include:

   a. The parties themselves, counsel of record for the parties in this action, and employees of such counsel who are actively engaged in assisting counsel with this action;

   b. Essential employees of the parties with whom it is necessary to consult in connection with the prosecution of this case;

   c. Outside experts and/or consultants retained by the parties to this action for the purpose of assisting in the preparation and trial of this case.

   d. Witnesses, either by deposition or trial testimony, who may be shown and questioned about any material designated as "confidential"; and

   e. The court, court personnel, other persons appointed by the court in this action, stenographic and other reporters, and the jury.

5. Before any person unaffiliated with the Court, other than counsel of record and counsel's employees, receives or reviews documents, information, or materials designated as "confidential" by another party, he or she shall be provided with a copy of this Protective Order and shall agree in writing to be bound by its terms by executing a copy of the attached "Acknowledgement." Executors of said Acknowledgment shall be vicariously responsible for any violation of this Protective Order effected by any person who has received or reviewed information from the executor that was designated by another party as "confidential," and who has not executed a copy of the attached "Acknowledgement." The

Acknowledgement for an expert or consultant shall initially be held by counsel for the parties receiving confidential information and promptly released to counsel for the designating parties when such expert or consultant is disclosed, receives confidential information if he or she is already disclosed, or at the end of the case, whichever comes first. Counsel for the respective parties also shall maintain a list of each and every person to whom they have disclosed material subject to this Protective Order, with such list available for production to the Court upon appropriate Order. Counsel of record and counsel's employees need not execute such an Acknowledgment but are deemed subject to the provisions on this Order by virtue of its entry.

6. All copies, reproductions, extracts, and summaries of documents, answers to interrogatories, responses to requests for admission, testimony and other materials and information, as well as briefs and other Court papers that quote or refer to confidential documents, information, or materials also shall be subject to the provisions of this Protective Order.

7. Whenever filed with the Court for any reason, all designated materials disclosed by any party shall be submitted for filing with the Court under seal and shall be kept under seal until further order of the Court. However, such designated materials shall continue to be available to the Court and to such persons who are permitted access to the same under this Protective Order. Where possible, only the confidential portion of filings with the Court shall be filed under seal.

8. Nothing contained in this Protective Order shall bar or restrict the parties' attorneys from rendering advice to their respective clients with respect to this litigation as long as the confidentiality provisions of this Order are otherwise observed.

9. This Protective Order shall not prevent the use of "confidential" documents, information, or materials at a deposition, so long as reasonable notice is given to

the opposing party that the other party will or may use confidential materials, so that the documents, information, or materials shall be disclosed or displayed only upon the implementation of reasonable safeguards to preserve their confidentiality. The use of "confidential" documents does not otherwise affect the protection of those documents under the terms of this Protective Order.

10. The inadvertent or unintentional disclosure of "confidential" information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to specific information disclosed therein or on the same or related subject matter, provided that the party asserting the claim of confidentiality informs the opposing party of its claim within a reasonable time after learning of the disclosure.

11. Materials designated as "confidential" shall not be used for any purposes other than this litigation.  Materials designated as "confidential" also shall not be placed or deposited in any sort of outside bank or otherwise be made available through indiscriminate or general circulation to lawyers, litigants, consultants, expert witnesses, or any other persons or entities. This paragraph and the other provisions of this Protective Order shall not apply to materials which, if challenged by another party, the Court rules are not entitled to protection.

12. All parties other than the designating party, including their counsel, technical consultants, and/or experts shall not otherwise sell, offer, advertise, publicize, or provide under any condition, any information provided and designated as confidential by the designating party, to any competitor of the designating party.

13. Within thirty (30) days of the conclusion of this case, defined as the latest of the completion of trial and appeals, if any, in this action, or at the satisfaction of any judgment, or upon conclusion of any settlement, if any, parties in receipt of another party's "confidential" documents agree to return or destroy all copies of "confidential" documents, information, or materials to the designating party,

excluding counsel of record's original work product. Each party in receipt of designated documents shall deliver to the designating party an affidavit within thirty (30) days of the conclusion of this case certifying that all such "confidential" information and copies thereof, excerpts from and summaries of such information, have been returned to the party who produced such "confidential" information, or have been destroyed. The parties shall further provide within thirty (30) days of the conclusion of this case, affidavits from each testifying expert or consulting expert to which they have provided such information certifying their compliance with this provision.

14. If any party elects to challenge the designation of "confidential" made by the other party, the challenging party shall provide written notice to the designating party within thirty (30) days of receipt of the document(s) in question. The notice shall specify by bates number the documents, information, or materials for which the designation is challenged, and the specific and complete basis for the challenge.

15. All the material designated as confidential shall be treated as such pursuant to the terms of this Protective Order until further order of this Court. Such a designation raises no presumption that the information or documents are entitled under law to protection.

16. The determination of how any material designated as "confidential" shall be used at the trial of this case, if any, is not made at this time. Rather, any such determination will be made prior to trial.

17. The terms of this Protective Order shall become effective upon agreement of the parties or entry by the Court, whichever happens first, and shall survive and remain in full force and effect after conclusion of this cause of action. The Court shall retain jurisdiction after the conclusion of this action to enforce the terms of the Protective Order.

18. The production of material protected by the attorney-client privilege or the attorney work product doctrine ("Protected Material") does not waive, estop, or prevent the producing party from asserting any privilege or other ground for withholding such Protected Material from production in the course of discovery in this case.

19. A producing entity shall have 45 days after one of its counsel in this case becomes actually aware that the Protected Material has been inadvertently produced in which to request its return. All such requests to return Protected Material shall be in writing to lead counsel for all Parties, shall state when counsel became aware of the inadvertent production of the Protected Material, and shall, if possible, identify the inadvertently produced Protected Material by Bates range(s) or other document identifier. If a producing entity requests the return of Protected Material, any party to which such material was produced shall, within 14 days after the request, delete the inadvertently produced Protected Material, any other document known to contain or depict the substance of the Protected Material (e.g., notes), and all data associated with such Protected Material (including images and metadata such as extracted text) from any database or document management system containing the Protected Material and associated data, return to the producing party any disk of other media containing Protected Material, return to the producing party or destroy all paper copies of Protected Material, request in writing that any third party to whom the Protected Material was provided do the same, and provide a written certification to the producing party that the receiving party has followed such procedures. The receiving party has the responsibility to take reasonable steps to ensure that any third party to which it provided documents produced in this litigation which a producing party later claims are Protected Material are destroyed or returned as outline in this paragraph. If the receiving party wishes to challenge the producing party's claim of protection as to the Protected Material or the inadvertency of its production, the receiving party may file a motion with this Court to compel production of such Protected Material.

20. The Parties agree, and the Court hereby orders, that the production of Protected Material cannot provide a basis for any third party to seek disclosure or production of the material viewed based on waiver, abandonment, estoppel, prior disclosure, or any other theory, claim, or argument. The production of Protected Material shall not waive a claim of privilege or work product protection in this or any other federal or state proceeding.

PROTECTIVE ORDER APPROVED
AS TO FORM AND CONTENT BY:

By: _____
Glen M. Kenna
Curtis Legal Group
A Professional La Corporation
1300 K Street
P.O. Box 3030
Modesto, CA 95353
(209) 521-1800
gkenna@curtislegalgroup.com
*Counsel for Plaintiff*

By: _____
Brian Hamilton
ARENTFOX SCHIFF LLP
44 Montgomery Street, 38th Floor
San Francisco CA 94104
(415) 757-5500
(415) 757-5501
brian.hamilton@afslaw.com

Rachel Remke *(pro hac vice)*
ARENTFOX SCHIFF LLP
233 S. Wacker Dr., Suite 7100
Chicago, IL   60606
(312) 258-5500 (*t*)
(312) 258-5600 (*f*)
rachel.remke@afslaw.com

*Counsel for Dorel Home Furnishings, Inc. and Cosco Home and Office*

**ORDER**

IT IS SO ORDERED.

Dated:  **April 21, 2022**               /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P. W., by and through *Guardian Ad Litem* SHAWNA WALDEN<br><br>Plaintiff,<br>v.<br><br>DOREL HOME FURNISHINGS, INC., COSCO HOME AND OFFICE, and DOES 1 TO 50<br><br>Defendants. | Case No.  1:21-cv-01204-DAD-SKO<br><br>**ACKNOWLEDGEMENT OF PROTECTIVE ORDER** |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, hereby acknowledge that I have read the Protective Order entered in connection with the above-captioned matter, and that I am familiar with its terms.

The undersigned further acknowledges that he or she fully understands the provisions of the Protective Order, agrees to be bound by those provisions, consents to the jurisdiction of the United States District Court for the Eastern District of California over his or her person, and has been apprised of the penalties attendant upon a violation of any of said provisions, including the possibility of penalties being imposed as a result of being held in contempt of court for violating the Protective Order, and any other damages causally related to said violation.

DATED: _____

_____
(signature)

_____

(printed name)